ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DONATO J. FERNÁNDEZ FERNÁNDEZ JAVIER RODRÍGUEZ COLLAZO RAQUEL MARTÍNEZ PUTMAN RM EQUITIES LLC. Recurrente<br><br>v.<br><br>JUNTA DIRECTORES Y/O CONSEJO DE TITULARES DEL CONDOMINIO MALIBU BEACHFRONT APARTMENTS REP POR SU PRES. Recurrido | TA2025RA00302 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN-2023-0017014<br><br>Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

Comparecen ante esta Curia RM Equities LLC; Donato J. Fernández Fernández; Javier F. Rodríguez Collazo; y Raquel Martínez Putnam (Recurrentes) mediante el presente recurso intitulado *Solicitud de Revisión Judicial.* Solicitan que revoquemos parcialmente la *Resolución* que el Departamento de Asuntos del Consumidor (DACo) notificó, el 20 de agosto de 2025, en lo atinente a la desestimación de sus causas impugnando la aprobación de la Escritura Número Cinco (5) - Enmienda al Reglamento del Condominio Malibú; la imposición de cuotas especiales o multas sobre alquileres a corto plazo; y el aviso de desconexión de servicios.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen recurrido.

**I.**

El 14 de septiembre de 2023, los Recurrentes instaron ante el DACo la presente *Querella* en contra de la Junta de Directores y/o

del Consejo de Titulares del Condominio Malibú Beachfront Apartments (Recurridos). En síntesis, imputaron a los Recurridos haber infringido la Ley Núm. 129-2020, Ley de Condominios de Puerto Rico, 31 LPRA secs. 1921 *et seq.*, al aprobar la Enmienda al Reglamento del Condominio Malibú para imponer cuotas o multas sobre los alquileres a corto plazo y al emitir en contra de los Recurrentes un aviso de desconexión de servicios en respuesta a la presunta deuda que ostentan con el condominio de $1,583.02, por concepto de cuotas de mantenimiento, recargos y pagos de alquiler a corto plazo.

En su *Contestación a Querella,* además de negar gran parte de las alegaciones, los Recurridos solicitaron la desestimación de la presente causa, bajo el fundamento de que, la imposición de la cuota especial sobre los alquileres a corto plazo fue aprobada conforme a derecho. Al cabo de varios meses, los Recurridos instaron propiamente un petitorio de desestimación. En esta ocasión, sustentado en que la presente causa prescribió, el 9 de septiembre de 2022, transcurridos treinta (30) días desde que los Recurridos notificaron los acuerdos aprobados en la Asamblea Ordinaria, celebrada el 30 de abril de 2022.

En reacción, los Recurrentes se opusieron al petitorio de desestimación de los Recurridos, amparados en que, el Consejo de Titulares impuso las cuotas y multas impugnadas sin una base reglamentaria válida, en violación a la Ley de Condominios.

Evaluadas las posturas de ambas partes, el DACo notificó el dictamen impugnado, en el cual consignó las siguientes determinaciones de hechos:

1. La querellante RM EQUITIES LLC es titular de los apartamentos A-101 y A-102 del Condominio Malibú Beach Front Apartments mediante las Escrituras Número setenta y uno (71) y setenta y dos (72) sobre Compraventa otorgadas el 19 de agosto de 2019 ante el notario Edgardo Canales Ydrach.
2. El querellante Donato José Fernández Fernández es titular del Apartamento B-201 del Condominio Malibú Beach Front Apartments mediante la Escritura Número ciento veintinueve (129) sobre Individualización, Liberación y Compraventa otorgada el 6 de septiembre de 2002 ante el Notario Samuel García Angeli.

3. Los querellantes Javier Rodríguez Collazo y Raquel Martínez Putnam son titulares del apartamento B-102 del Condominio Malibú Beach Front Apartments mediante la Escritura Número ciento cincuenta y dos (152) sobre Individualización, [L]iberación y [C]ompraventa otorgada el 23 de octubre de 2002 ante el Notario Samuel García Angeli.

4. El Condominio Malibú Beach Front Apartments ubicado en el municipio de Loíza, consta de apartamentos para uso residencial y está sometido al Régimen de Propiedad Horizontal.

5. El 13 de abril de 2022 la Junta de Directores el [sic] convocó a los titulares del Condominio Malibú Beach Front Apartments a una Asamblea Ordinaria a celebrarse el 30 de abril de 2022 [a] las 10:00 am.

6. De la Convocatoria de la Asamblea Extraordinaria surge que, entre otros asuntos, se atendería la "Aprobación de cuota especial alquileres a corto plazo $30, $40 o 50".

7. La Asamblea Ordinaria del 30 de abril de 2022 fue celebrada y surge del Acta que se llevó a una votación para la imposición de una cuota a los alquileres a corto plazo por la cantidad de $50.00 dólares por evento, hasta la cuota mensual.

8. El resultado de dicha votación en la Asamblea fue de veinte (20) titulares a favor y trece (13) titulares en contra; dos (2) proxys a favor y seis (6) en contra.

9. Los querellantes estuvieron presentes, el querellante Javier Rodríguez Collazo fue representado por proxy, y todos votaron en contra de la imposición de una cuota mensual a los titulares que alquilan sus apartamentos a corto plazo.

10. Por requerir aprobación de 2/3 partes de los titulares, incluyendo o los que no estaban, el 25 de mayo de 2022 la Junta de Directores de Malibú Beach Front Apartments envió los titulares ausentes el acuerdo aprobado en la Asamblea del 30 de abril de 2022 sobre la imposición de cuota de alquileres a corto plazo, para que emitieran su voto y poder enmendar el reglamento a esos efectos.

11. La Enmienda al Reglamento se aprobó por votación de dos terceras (2/3) partes de los titulares que a su vez reunían dos terceras partes (2/3) de las participaciones en las áreas comunes.

12. El 2 de julio de 2022 la Junta de Directores de Malibú Beach Front Apartments envió a todos los titulares un documento titulado "Protocolo para Alquilar, ceder y/o prestar Apartamentos" en el cual se advierte que de incluir más huéspedes o alquilar menor cantidad de noches de las permitidas en el Reglamento conllevaría una multa de $50.00 dólares, según dispuesto en el Reglamento del Condominio.

13. El 9 de agosto de 2022 la Junta de Directores de Malibú Beach Front Apartments envió a los titulares, el Acta de la Asamblea Ordinaria celebrada el 30 de abril de 202[2].

14. El 21 de diciembre de 2022, la Junta de Directores de Malibú Beach Front Apartments envió comunicación a todos los titulares en la que informó, que aquellos titulares que arrienden a corto plazo deben notificar el alquiler, mediante forma oficial e incluir un pago de $50.00 dólares por cada alquiler y contenía algunas de las reglas del Condominio para que se les diera conocimiento de estas a los huéspedes.

15. El 7 de enero de 2023, la Junta de Directores de Malibú Beach Front Apartments envió una comunicación a todos los titulares en la que informó que el Reglamento había sido enmendado para imponer una cuota especial de $50.00 a los apartamentos que arrienden a corto plazo y advertía que, de no cumplir con ello, se estarían imponiendo multas.

16. El 31 de marzo de 2023 se presentó en el Registro de la Propiedad copia certificada de la escritura sobre Enmienda al Reglamento Número cinco (5) autorizada por el Notario Luis A. Green Díaz en San Juan Puerto Rico el 25 de marzo de 2023.

17. Que dicha escritura sobre Enmienda al Reglamento del Condominio Malibú que [sic] otorgada por el Sr. José Edgardo Martínez Rodríguez, quien compareció en calidad de presidente y representante autorizado del Consejo de Titulares del Condominio Malibú Beach Front Resort.

18. Que dicha escritura sobre Enmienda al Reglamento se consignó lo siguiente:

PRIMERO: Que con fecha del veintisiete (27) de junio de dos mil dos (2002) se otorgó la escritura número noventa y uno (91) ante Notario Manuel García Malatrasi en San Juan de Puerto Rico, mediante el [sic] cual se constituyó el régimen de Propiedad Horizontal del Condominio conocido como Condominio Malibú Beach Front Apartments, la cual costa inscrita al folio veinte y cinco (25), del tomo doscientos dieciséis (216) de Loíza, finca número diez mil ($10,000.00), Inscripción decima (10ma) Registro de la [P]ropiedad de Carolina, Sección Tercera (III).

SEGUNDO: Que, en la misma fecha antes mencionada[,] [f]ue suscrito e incorporado a la escritura matriz el reglamento que rige dicho condominio.

TERCERO: Con fecha del treinta (30) de abril de dos mil veintidós (2022), se llevó a cabo una asamblea de condóminos en la cual se aprobó enmendar el Reglamento que rige el referido condominio, en su artículo cuarenta y siete (47) tt para añadir un sub inciso (viii) a los fines de que lea de la siguiente forma: (viii) Deberá emitir el pago de la cuota de $50.00 por concepto del alquiler a corto plazo correspondiente a su unidad, según aprobado en asamblea. Este será pagadero mensualmente, por cada periodo de ocupación, hasta un máximo igual al del pago de la cuota de mantenimiento de su unidad. El mismo, debe ser emitido previo al acceso de los huéspedes. De estos no presentarse al momento de la reserva estipulada, se le acreditará la cantidad pagada, la cual podrá ser utilizada en su próxima transacción de alquiler, es de suma importancia que, si esto pasara, notifique a la administración vía ManageMyNest para realizar los ajustes necesarios.

CUARTO: A esos efectos, se enmienda la escritura matriz y el reglamento ya aludido en su artículo cuarenta y siete (47) tt para añadir un sub inciso (viii) a los fines que lea según anteriormente relatado.

19. El 21 de enero de 2012, el Consejo de Titulares del Condominio Malibú Beachfront celebró una [A]samblea [E]xtraordinaria en la cual aprobó un Reglamento.

20. El 11 de marzo de 2012, el Consejo de Titulares del Condominio Malibú celebró una Asamblea Extraordinaria en la cual aprobó el Procedimiento de Infracciones y Multas.

21. El Reglamento aprobado en el 2012 no fue reducido a escritura pública y consignado en el Registro presentado ante el Registro de la Propiedad.

22. En estas asambleas celebradas en el 2012 los querellantes Donato J. Fernández Fernández, Javier Rodríguez Collazo y Raquel Martinez Putnam eran propietarios de los apartamentos en el Condominio Malibú Beach Front Apartments, y no surge alegación ni evidencia presentada de que hayan impugnado el Reglamento aprobado en el 2012.

23. El querellante RM Equities LLC adquirió los apartamentos A-101 y A-102 el 10 de agosto de 2019, por lo que las multas impuestas conforme al Reglamento del Condominio aprobado en el año 2012 y que no ha sido inscrito en el Registro de la Propiedad no les pueden ser de aplicación, por lo que la parte querellada las estaría removiendo de sus estados de cuenta.

24. El 31 de agosto de 2023 la Junta de Directores le remitió al querellante Javier F. Rodríguez un Aviso de suspensión de servicios y referido por cobro de dinero, por tener una deuda con el condominio de $1,583.02 dólares que incluye cuota de mantenimiento, recargos de cada mes y pagos de alquiler a corto plazo.

25. De un estado de cuenta del periodo que comprende desde el 1 de diciembre de 2022 hasta el 2 de septiembre de 2023 surge que la parte querellada ha cobrado al co-querellante Javier F. Rodríguez por alquiler a corto plazo en los meses de enero y julio de 2023, una cantidad mayor a la cuota de mantenimiento de su unidad que es de $134.20 dólares.

26. Surge además de dicho estado de cuenta, que la parte querellada la [sic] ha impuesto al co-querellante Javier F. Rodríguez multas por concepto de alquiler.

27. La parte querellante presentó una querella ante este Departamento el 14 de septiembre de 2023 en la que alega lo siguiente: a) La aprobación de las enmiendas al reglamento del querellado Consejo de Titulares viola las disposiciones a la Ley 129-2020, infra; b) Las imposiciones de cuotas especiales y/o multas por alquileres a corto plazo a los querellantes se han hecho en violaci[ó]n a la Ley 129-2020, infra, dado a que se han impuesto basándose en una aprobación a enmiendas al Reglamento que nunca ocurrió; y c) El aviso de desconexión de servicios enviados a los querellantes es un acto ultra vires.

28. La parte querellante solicitó a este Departamento lo siguiente:

    a) Que se declare nula la enmienda al reglamento sobre alquileres a corto plazo, así como la cuota especial, alegadamente aprobada el 30 de abril de 2022;
    b) Declare nula, por violar la Ley 129-2020, todas las cuotas especiales y/o multas impuestas a los querellantes;
    c) Declare que el aviso de desconexión de servicios antes indicado viola la Ley 129-2020, y lo deje sin efecto.

29. La parte querellante alegó que el Consejo de titulares ha entregado dos (2) Reglamentos diferentes aprobados en el año 2012 y que no han sido reducido a escritura pública ni inscritos en el Registro de la Propiedad.

30. La parte querellante alegó que de la Convocatoria para la Asamblea celebrada el 30 de abril de 2022 en la que se aprobó la cuota especial a los alquileres a corto plazo, no se incluyó propuesta alguna para enmendar el reglamento del Condominio, ni el del 2002 ni el aprobado en el 2012.

31. La parte querellante alegó que de la Minuta de la Asamblea celebrada el 30 de abril de 2022 no surge que el Consejo de Titulares aprobó una enmienda, no surge que artículo se enmendaría o se añadiría, ni mucho menos el texto que aplicaría sobre la cuota especial aplicables a los alquileres de corto plazo.

32. La parte querellante alegó que el querellado incumplió con notificar dentro de los treinta (30) días siguientes a la Asamblea y utilizando un método no fehaciente la minuta de esta.

33. La parte querellante alegó que la querellada otorgó la Escritura Número 5 para añadir un sub-inciso a un artículo que no existe, con un texto que en ningún momento fue aprobado por los miembros de la parte querellada y realizó una enmienda a un reglamento que es anterior al reglamento con el cual opera la querellada.

34. La parte querellante alegó que los querellados han impuesto cuotas especiales y/o multas sobre alquileres a corto plazo basándose en una enmienda al reglamento que nunca ocurrió; basándose en un reglamento aprobado en el 2012 que no es válido y que se han puesto cuotas especiales y/o mensuales en exceso a las cuotas de mantenimiento aplicables a sus propiedades.

35. La parte querellante alegó que el Consejo de Titulares le ha enviado a los coquerellantes Javier Rodríguez Collazo y Raquel Martínez Putnam un aviso de desconexión de servicios que está fundamentado en la falta de pago de cuotas especiales y/o multas por alquileres a corto plazo que no han sido aprobadas correctamente mediante enmiendas al reglamento y se han impuesto en exceso de las cuotas de mantenimiento asignadas a su propiedad.

36. Dicho aviso fue enviado el 30 de agosto de 2023 al Sr. Javier Rodríguez Collazo.

37. La parte querellada presentó moción de desestimación alegando, en síntesis, que la querella está prescrita toda vez que fue presentada fuera del término de treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo, por alegadamente causarles un grave daño a los intereses de los querellantes.

Sobre tales bases, el DACo puntualizó que, los Recurrentes

participaron de la Asamblea Ordinaria que se llevó a cabo el 30 de

abril de 2022 y que votaron en contra de la imposición de una cuota especial a los apartamentos objeto de alquiler a corto plazo. Expuso que, según el Acta de la Asamblea correspondiente, la aprobación de la cuota especial debía incorporarse mediante enmienda al reglamento del condominio vigente. La agencia recurrida resolvió que, debido a que el Acta de la Asamblea -aprobando la cuota especial- fue notificada el 9 de agosto de 2022, los Recurrentes impugnaron tardíamente su aprobación al incoar la querella de epígrafe, el 14 de septiembre de 2023, fuera del término de treinta (30) días que establece el Artículo 37 de la hoy derogada Ley Núm. 104 de 25 de junio de 1958 (Ley Núm. 104), 31 LPRA sec. 1293f.[1] De conformidad, desestimó por prescripción la *Querella* en cuanto a las causas sobre nulidad, tanto del acto de otorgar la Enmienda al Reglamento del Condominio Malibú como de la escritura *per se.*

Con respecto al aviso de desconexión de los servicios, el DACo asumió jurisdicción por los Recurrentes haberlo impugnado dentro del término hábil. Tras desestimar la causa que pretendía eliminar la totalidad de las multas y cuotas especiales impuestas sobre los alquileres a corto plazo, ordenó a los Recurridos remover de las cuentas de los co-querellantes, Javier F. Rodríguez y Raquel Martínez Putnam, cualquier monto por concepto de cuota especial para arrendamientos a corto plazo que exceda de $134.20 mensuales. En su pronunciamiento, la agencia hizo constar lo siguiente:

> [d]e un estado de cuenta del periodo que comprende desde el 1 de diciembre de 2022 hasta el 2 de septiembre de 2023 surge que la parte querellada ha cobrado al co-querellante Javier F. Rodríguez por alquiler a corto plazo en los meses de enero y julio de 2023, una cantidad mayor a la cuota de mantenimiento de su unidad que es de $134.20 dólares. Por otra parte, de dicho estado de cuenta surge, además, que la parte querellada la ha impuesto al co-querellante Javier F. Rodríguez multas por "concepto de alquiler". La parte querellada está facultada para expedir multas según dispuesto en el Reglamento del Condominio. De igual

---

[1] Como fundamento para aplicar la hoy derogada Ley Núm. 104, el DACo hizo constar en su pronunciamiento lo siguiente: "[c]omo el Reglamento bajo el que opera el Condominio en controversia y bajo el que opera el condominio es del año 2012, resolveremos bajo el Artículo 37 de la Ley de Condominios vigente a ese momento, la Ley 104 de 25 de junio de 1958." Apéndice, pág. 336.

manera la parte querellada, en el caso de los querellantes Javier F. Rodríguez y Raquel Martínez Putnam, puede cobrar una cuota especial por alquiler a corto plazo de $50.00 dólares por alquiler hasta un máximo de $134.20 dólares. De la parte querellada, haber cobrado una cantidad mayor a esa, deberán ser removidas de las cuentas de los co-querellantes[.]

Análogamente, en cuanto al co-querellante RM Equities LLC, el DACo ordenó a los Recurridos eliminar las multas impuestas al amparo del Reglamento Final del Condominio,[2] aprobado en el año 2012. Lo antes, en consideración a que, RM Equities LLC adquirió los apartamentos en cuestión, el 10 de agosto de 2019, por lo cual, entendió improcedente aplicar las multas que imponía un reglamento aprobado en el año 2012, que no fue elevado a escritura pública, ni fue presentado ante el Registro de la Propiedad.[3] Por último, el DACo impuso en contra de los Recurridos el pago de honorarios de abogados a favor de los Recurrentes.

En desacuerdo, los Recurrentes instan el presente recurso de revisión judicial en el cual le imputan al DACo la comisión de tres errores, a saber:

ERRÓ EL DACO AL DESESTIMAR LA CAUSA DE ACCIÓN QUE BUSCABA DECLARAR NULA LA ENMIENDA AL REGLAMENTO QUE IMPUSO UNA CUOTA ESPECIAL POR ALQUILERES A CORTO PLAZO DADO A QUE EN NINGÚN MOMENTO SE LE INFORMÓ A LOS MIEMBROS DEL CONSEJO DE TITULARES QUE SE CELEBRARÍA UNA ASAMBLEA PARA EMENDAR EL REGLAMENTO.

ERRÓ EL DACO AL DESESTIMAR LA CAUSA DE ACCIÓN QUE BUSCABA DECLARAR NULO EL ACTO LLEVADO A CABO POR EL SR. JOSÉ EDGARDO MARTÍNEZ RODRÍGUEZ, EN CALIDAD DE PRESIDENTE DE LA JUNTA DE DIRECTORES DEL RECURRIDO CONSEJO DE TITULARES, AL OTORGAR EL 25 DE MARZO DE 2023 LA ESCRITURA NÚM. 5, ENMIENDA AL REGLAMENTO DEL CONDOMINIO MALIBÚ, ANTE EL ABOGADO Y NOTARIO PÚBLICO LUIS ALBERTO GREEN DÍAZ.

ERRÓ EL DACO AL DESESTIMAR LA CAUSA DE ACCION QUE BUSCABA ELIMINAR TODAS LAS MULTAS Y CUOTAS ESPECIALES IMPUESTAS POR ALQUILERES A CORTO PLAZO.

---

[2] Entrada Núm. 13 en SUMAC Apelaciones.

[3] Surge del dictamen recurrido que, el DACo hizo la distinción entre las normas aplicables a los distintos co-querellantes, sujeto a las fechas en que advinieron titulares del Condominio Malibú Beach Front Apartments (Condominio). En particular puntualizó que, Donato J. Fernández Fernández, Javier F. Rodríguez Collazo y Raquel Martínez Putnam advinieron titulares del Condominio en el año 2002, mientras que, RM Equities LLC advino titular en el año 2019. Conforme a lo anterior, y ante la falta de inscripción del Reglamento Final de Condominio de 2012, dictaminó que a RM Equities LLC no se le pueden aplicar multas bajo dicho reglamento. A esos efectos, ordenó su remoción de los estados de cuenta correspondientes.

En reacción y en cumplimiento con nuestro requerimiento, los Recurridos comparecieron mediante su *Alegato en Oposición a la Petición de Revisión Judicial.* Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. La Revisión Judicial de dictámenes administrativos**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[4] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024). De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025.

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. A esos efectos, "[l]as conclusiones de derecho serán revisables en todos sus

---

[4] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

aspectos por el tribunal". *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo, sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021).

### B. Ley de Condominios

El Artículo 37 de la hoy derogada Ley Núm. 104, *supra,* dispone lo siguiente en torno al contenido del Reglamento y al procedimiento para modificarlo:

> El Reglamento podrá contener todas aquellas normas y reglas en torno al uso del inmueble y sus apartamentos, ejercicios de derechos, instalaciones y servicios, gastos, administración y gobierno, seguros, conservación y reparaciones, que no contravengan las disposiciones de esta Ley. Proveerá obligatoriamente a los extremos que siguen:
>
> (a) Forma de administración, indicándose si estará a cargo de un Director o de una Junta de Directores, con expresión de sus facultades, remoción y, en su caso, remuneración. Deberá especificar cuáles, si algunas, de sus facultades y deberes, podrá delegar el Director o la Junta de Directores a un Agente Administrador.
> (b) Sistema uniforme de convocatoria o citación para las asambleas de los titulares, especificando el método de notificación que permita evidenciar la misma.
> (c) Definición del concepto de mayoría que regirá para el inmueble en cuestión.
> (d) Persona que presidirá y la que llevará el libro de actas en que han de constar los acuerdos.
> (e) Cuidado, atención y vigilancia del inmueble en sus elementos y servicios comunes, generales o limitados.
> (f) Manera de recaudar los fondos de los titulares para el pago de los gastos comunes.
> (g) Designación y despido del personal necesario para la realización de obras y servicios comunes generales o limitados del edificio inmueble.
>
> En cualquier momento, el titular único del inmueble o, si hubiere más de uno, las dos terceras partes de los titulares y de porcentajes de participación en los elementos comunes del inmueble, independientemente de la definición de mayoría que rija para el condominio, podrán modificar el Reglamento, pero siempre deberá quedar regulado cada

extremo de los comprendidos en este Artículo. La modificación tendrá que constar en escritura pública y, además, se inscribirá en el registro particular de la finca matriz, dejándose archivada en el Registro de la Propiedad copia certificada, según dispone el Artículo 36.

La modificación vinculará a todos los titulares desde que se haya obtenido el voto afirmativo de las dos terceras partes de los titulares o desde que haya transcurrido el plazo de treinta (30) días dispuesto en el Artículo 38-C (e), sin que hubiera oposición de más de una tercera parte de los titulares. Respecto a tercero, la modificación no surtirá efecto sino a partir de la fecha de presentación para archivo en el Registro de la Propiedad, de la escritura pública en que se haga constar la enmienda, uniéndose copia certificada de la misma a la de la escritura de constitución del régimen y tomándose nota del hecho de la modificación del Reglamento en el registro particular de la finca matriz.

Mientras que, el Artículo 38C de la Ley Núm. 104, 31 LPRA sec. 1293b-3, establece en lo pertinente que:

Los acuerdos del Consejo de Titulares se someterán a las siguientes normas:

(a) [...]
(e) Cuando en una reunión convocada para enmendar el Reglamento o para adoptar cualquier medida que requiera el voto de las tres cuartas (3/4) o dos terceras (2/3) partes de todos los titulares, no pueda obtenerse la aprobación por el porciento requerido, aquellos que, debidamente citados, no hubieren asistido, serán notificados de modo fehaciente y detallado del acuerdo adoptado por la mayoría de los presentes, concediéndoseles un plazo de treinta (30) días a partir de dicha notificación para manifestar en la misma forma su conformidad o discrepancia con el acuerdo tomado. La discrepancia con las medidas o con las enmiendas propuestas en asamblea no podrá fundarse en el capricho o en el mero ejercicio del derecho como titular. La oposición infundada se tendrá por no puesta. Disponiéndose, que el voto de aquellos titulares que no manifestaren su discrepancia en la forma aquí dispuesta y dentro del plazo concedido se contará a favor del acuerdo. Dicho acuerdo será ejecutable tan pronto se obtenga la aprobación de las tres cuartas (3/4) o dos terceras (2/3) partes de los titulares. [...]

Análogamente, y en lo pertinente al término para incoar una acción de impugnación de los acuerdos del Consejo de Titulares y de las determinaciones, omisiones o actuaciones del Director o de la Junta de Directores, el Artículo 42 de la entonces vigente Ley Núm. 104, 31 LPRA sec. 1293f, establece un plazo de treinta (30) días para impugnar acuerdos y determinaciones que el titular estime como gravemente perjudiciales para él o para la comunidad, *vis a vis*, un plazo de dos (2) años para los acuerdos, acciones u omisiones que

violen la Ley Núm. 104, la escritura matriz o el Reglamento del Condominio. A esos efectos, el citado Artículo 42 dispone en sus incisos (b) y (c):

> (b) La impugnación ante el tribunal o foro competente de los acuerdos adoptados por el Consejo de Titulares no requerirá del procedimiento de dilucidación previa ante la Junta de Directores.
>
> **La acción de impugnación de acuerdos y determinaciones, que el titular estimase gravemente perjudiciales para él o para la comunidad de titulares deberá ejercitarse dentro de los treinta (30) días** siguientes a la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.
>
> (c) **La acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Consejo de Titulares**, con excepción de los realizados por el titular que somete el inmueble al régimen, **que violen las disposiciones de esta Ley, de la escritura matriz o del Reglamento del condominio, prescribirá a los dos (2) años** de haberse notificado el acuerdo, tomado la acción o de conocerse la omisión. Para los titulares que impugnen este tipo de acuerdo del Consejo de Titulares, el término se computará a partir de la notificación del mismo, siempre y cuando cumplan con los requisitos establecidos en el párrafo siguiente.
>
> Al ejercitar la acción de impugnación de acuerdos del Consejo de Titulares, el titular deberá acreditar que estuvo presente o representado en la reunión en que se tomó el acuerdo que impugna y que no votó a favor del mismo. Si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada.

Cónsono con los citados preceptos, el Reglamento Final de Condominio, aprobado en el año 2012, dispone en su Artículo 56 que el término para cuestionar las modificaciones al reglamento es de treinta (30) días.[5]

Cabe señalar que, en *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 422 (2012), el Alto Foro se expresó en torno al plazo dispuesto en el Artículo 42, *supra,* y a esos efectos identificó dos criterios que inciden sobre cuál término aplica para una acción de impugnación. Reiteró que, el término será de dos (2) años cuando se impugnen acuerdos, acciones u omisiones de la Junta de Directores o del Consejo de Titulares que infrinjan la Ley de Condominios, el reglamento de la comunidad o la escritura matriz.

---

[5] Entrada Núm. 13 en SUMAC Apelaciones, Apéndice, pág. 123.

*Íd*. De tratarse de acciones de impugnación sobre acuerdos o determinaciones que -a juicio del titular- le son gravemente perjudiciales, el plazo será de treinta (30) días. *Íd*.

**III.**

En el recurso de epígrafe, los Recurrentes señalan la comisión de tres (3) errores en los cuales impugnan la *Resolución* que notificó el DACo, únicamente en lo que respecta a las causas de acción desestimadas. Por su estrecha relación entre sí, discutiremos los errores de forma conjunta.

Los Recurrentes argumentan que, el plazo de prescripción aplicable a estos hechos es el de dos (2) años toda vez que, a su entender, los actos de los Recurridos impugnados constituyeron una violación directa a la Ley Núm. 129-2020. Además, procuran la nulidad de la convocatoria a la Asamblea Ordinaria celebrada el 30 de abril de 2022, la nulidad de la escritura de Enmienda al Reglamento del Condominio Malibú y que queden sin efecto la totalidad de las cuotas especiales impuestas derivado de lo antes.

En su alegato, los Recurridos destacan que los co-querellantes Donato J. Fernández Fernández, Javier Rodríguez Collazo y Raquel Martínez Putnam no impugnaron oportunamente el Reglamento Final de Condominio, ni el Procedimiento de Infracciones y Multas, aprobados el 21 de enero de 2012 y el 11 de marzo de 2012, respectivamente, y con ello, quedaron sujetos a las multas allí establecidas. En cuanto a la cuota especial cuestionada que proviene de la aprobación de la Enmienda al Reglamento del Condominio Malibú, los Recurridos discuten que, el DACo actuó correctamente al no asumir jurisdicción sobre este asunto, tras los Recurrentes instar su *Querella*, vencido el plazo de treinta (30) días disponible para tal impugnación.

Luego de examinar detenidamente el expediente ante esta Curia constatamos que, el DACo desestimó por prescripción las causas de acción de los Recurrentes dirigidas a anular la Enmienda al Reglamento del Condominio Malibú y la imposición de las cuotas

especiales o multas sobre alquileres a corto plazo que emanan de dicha escritura. Por el contrario, asumió jurisdicción sobre el Aviso de Suspensión y ordenó eliminar de las cuentas de los Recurrentes cualquier monto que exceda los $134.20 mensuales, por concepto de cuota especial por arrendamientos a corto plazo, incluyendo cargos e intereses.

Según reseñamos en el tracto procesal, en el presente caso, los Recurrentes participaron de la Asamblea Ordinaria celebrada el 30 de abril de 2022, en la cual, votaron en contra de la imposición de la cuota especial a los apartamentos que alquilan a corto plazo. El Acta de la Asamblea correspondiente fue notificada a los Recurrentes, el 9 de agosto de 2022. Por consiguiente, los Recurrentes tenían hasta el 8 de septiembre de 2022 para impugnar la determinación del Consejo de Titulares, relacionada a la cuota especial. Sin embargo, los Recurrentes presentaron la *Querella* de epígrafe, el 14 de septiembre de 2023, transcurrido más de un (1) año desde que fueron notificados del Acta de la Asamblea.

Como vimos, surge del Artículo 37 de la Ley Núm. 104, *supra,* que el plazo prescriptivo aplicable a la impugnación de las acciones de la Junta de Directores o del Consejo de Titulares que presuntamente sean perjudiciales a la comunidad o a un titular es de treinta (30) días, contados a partir de la fecha en que el acuerdo fue tomado o notificado, según sea el caso. Cabe puntualizar que, a través de la prescripción, quedan extintos los derechos y las acciones por el mero transcurso del tiempo. *Landrau Cabezudo y otros v. Autoridad de los Puertos de Puerto Rico y otros,* 2025 TSPR 7, resuelto el 15 de enero de 2025. En ese sentido, el profesor Godreau comenta que, el término prescriptivo para las acciones de impugnación dentro de la Ley de Condominios obliga a los titulares a actuar de forma diligente en la defensa de su propiedad, de lo contrario, se interpretará que han consentido a los cambios.  M.J. Godreau, *La Nueva Ley de Condominios,* 2da ed., San Juan, Ed. Dictum, 2003, pág. 30.

Sobre tales bases, coincidimos con el DACo en que, procede desestimar -por prescripción- la acción de impugnación de los Recurrentes, a través de la cual pretenden anular, tanto la convocatoria a la Asamblea Ordinaria celebrada el 30 de abril de 2022, como la escritura de la Enmienda al Reglamento del Condominio Malibú. De otra parte, la acción del Consejo de Titulares objeto de impugnación no constituye una violación a la Ley de Condominios, a la escritura matriz o al reglamento de la comunidad. En su consecuencia, dictaminamos que el DACo no incidió en su análisis sobre el derecho aplicable y correcta aplicación a la causa instada. Los errores señalados no se cometieron.

**IV.**

Por las razones antes expuestas, confirmamos la *Resolución* del DACo objeto de revisión.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones